UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:16-cv-24155-UU

STEVEN MACHAT,

    Plaintiff,

v.

COX MEDIA GROUP, INC., *et al.*,

    Defendants.

                                      /

### ORDER DISMISSING CASE

THIS CAUSE is before the Court *sua sponte*.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised of the premises. Plaintiff filed this action on September 29, 2016. D.E. 1. In the Complaint, Plaintiff alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* However, Plaintiff, who is a Florida resident, sues numerous Florida corporations, which on its face precludes the Court from exercising subject matter jurisdiction. *Id.; see, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

Accordingly, on September 30, 2016, the Court issued an Order to Show Cause as to why this case should not be dismissed for lack of subject matter jurisdiction. D.E. 5. On October 5, 2016, Plaintiff responded by arguing that there is federal question jurisdiction, under 28 U.S.C. § 1331, because Plaintiff is "seek[ing] the right to fully participate in the election process as a candidate for the U.S. Senate" by participating in "two debates for the office of U.S. Senator

from the state of Florida," and "[e]lection to the office of U.S. Senator for the state of Florida is dictated by Article One Section Three of the United States Constitution." D.E. 8 ¶¶ 3-4. For this reason, Plaintiff contends that his claims fall within "the purview of the U.S. Constitution and the constitutional right to become a U.S. Senator." *Id.* ¶ 3.

Plaintiff's arguments have no merit. As an initial matter, Plaintiff brings a claim under the Declaratory Judgment Act (Count I) and a claim for injunctive relief (Count II). "The Declaratory Judgment Act does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989). Plaintiff must therefore demonstrate the existence of subject matter jurisdiction under 28 U.S.C. § 1332 or 28 U.S.C. § 1331. *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n. 38 (11th Cir. 2006) ("[F]ederal courts are duty bound to consider their subject matter jurisdiction *sua sponte*.").

A. Diversity Jurisdiction (28 U.S.C. § 1332)

Under 28 U.S.C. § 1332, "a district court has jurisdiction over any civil case if (1) the parties are citizens of different States and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "Diversity jurisdiction requires complete diversity . . . [and] every plaintiff must be diverse from every defendant." *Triggs*, 154 F.3d at 1287.

The Court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1332 because Plaintiff, who is a Florida resident, alleges claims against a Florida corporation such that there is not "complete diversity" in this case. *Id.*; D.E. 1.

B. <u>Federal Question Jurisdiction (28 U.S.C. § 1331)</u>

28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A claim arises under federal law for purposes of § 1331 when the plaintiff's well pleaded complaint establishes that federal law either creates the cause of action or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law." *Christman v. Jackson Hewitt, Inc.*, 379 F. App'x 956, 958 (11th Cir. 2010).

The Court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1331. Plaintiff seeks an injunction under the Declaratory Judgment Act against four Defendants based on Defendants' decision to exclude Plaintiff from two televised debates. Plaintiff's claims do not "arise[] under the Constitution, laws or treaties of the United States" simply because he is running for political office. *See Christman*, 379 F. App'x at 958. Because Plaintiff's claims have no basis in rights afforded by the Constitution, laws or treaties of the United States, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). Accordingly, it is

ORDERED AND ADJUDGED that this case is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL ADMINISTRATIVELY CLOSE this case.

DONE AND ORDERED in chambers at Miami, Florida this _5th__ day of October, 2016.

_____
URSULA UNGARO
UNTIED STATES DISTRICT JUDGE

copies provided: counsel of record